**Conditionally Grant and Opinion Filed November 12, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01123-CV**

**IN RE HOWARD COLUMBER HOLLAND, Relator**

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29317E-422**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Molberg

Relator Howard Columber Holland filed an application for writ of habeas corpus in the trial court on September 8, 2023. In this original proceeding, relator petitions for writ of mandamus, seeking to direct the trial court to sign an order on the habeas application. After reviewing the petition and response, we conclude relator is entitled to the requested relief, and we conditionally grant the writ of mandamus.

## Background

On January 24, 2011, relator was convicted of burglary of a habitation. His five-year sentence was suspended, and he was placed on community supervision for

five years.  On February 22, 2017, the trial court found relator had satisfactorily complied with the terms and conditions of community supervision, and relator was accordingly discharged.

As pertinent here, on September 8, 2023, relator filed an application for habeas corpus, alleging involuntary plea and actual innocence.  The record reflects the application was delivered to the district attorney's office the same day.

On September 24, 2024, relator filed a petition for writ of mandamus, alleging the trial court had not signed an order granting or denying the habeas application. Relator attached to the petition five written requests—dated between December 2023 and August 2024—mailed to the trial court, asking it to rule on the application.

After we requested a response to the petition, on October 7, 2024, the State filed a response to the habeas application in the trial court, arguing relator failed to allege claims in his habeas application that could not have been previously alleged, and alternatively, he failed to claim or show he is suffering from the collateral consequences of his conviction.

On October 8, 2024, the trial court signed findings of fact and conclusions of law, "find[ing] the State's Response correct and adopt[ing] it as its own."  The trial court concluded that both of relator's habeas grounds should be denied and recommended that the application be denied.  The trial court did not enter any order granting or denying the habeas application.

**Discussion**

To be entitled to mandamus relief, the relator must show (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is ministerial if the relator has a clear right to the relief sought. *Id.* To show "a clear right to the relief sought," the relator must show that the facts and circumstances of the case dictate one rational decision under well-settled and clearly controlling legal principles. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).

Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1. Immediately upon filing an application under article 11.072, the applicant shall serve a copy of the application on the attorney representing the State. *Id.* art. 11.072, § 5(a). If the State files an answer, it must do so within thirty days of the date of service, except that for good cause the convicting court may grant the State one thirty-day extension; however, the State "is not required to file an answer." *Id.* art. 11.072, § 5(b), (c). Not later than the sixtieth day after the day on which the State's answer is filed, "the trial court shall enter a written order granting or denying the relief sought in the application." *Id.* art.

–3–

11.072, § 6(a).[1] Such an order is required even when the trial court "determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief." *Id.* art. 11.072, § 7(a) (providing that, under such circumstances, "the court shall enter a written order denying the application as frivolous").

We observe that § 6 of article 11.072 requires the trial court to enter an order within sixty days of the filing of the State's answer, yet § 5 expressly states the State is not required to file an answer. We must give effect to the plain meaning of a statute's language unless the language is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended. *Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016). To avoid the absurd result of the trial court not being required to rule on an article 11.072 application in cases where the State opts not to answer, we construe § 6 to require in such cases an order within sixty days of the last date on which the State *could* file an answer. *See* 43B George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 58:33 n.4 (3d ed. 2011) (concluding that this is the likely intent of the

---

[1] In contrast, under article 11.07, the trial court does not grant or deny relief. Instead, the trial court has the duty to determine whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07, § 3(c). If the court decides there are no such issues, the clerk transmits to the court of criminal appeals a copy of the application, among other things. *Id.* If the court determines there are such issues, it resolves the issues and makes findings of fact, which the clerk then sends, along with the application and other matters used by the court in resolving any issues, to the court of criminal appeals. *Id.* art. 11.07, § 3(d). The court of criminal appeals ultimately decides the article 11.07 habeas application. *Id.* art. 11.07, § 5.

legislature); *Ex parte Betancourt*, No. 08-05-00063-CR, 2006 WL 1875576, at \*4 (Tex. App.—El Paso July 6, 2006, no pet.) (not designated for publication) (stating that article 11.072 "expressly requires the trial court to enter a written order in every case either denying or granting the relief sought in the application").

Here, the trial court was required to grant or deny relator's habeas application within ninety days after it was filed and served on the State on September 8, 2023. *See* TEX. CODE CRIM. PROC. art. 11.072, §§ 5–6. The trial court has not entered such an order. Although the trial court recommended that relief be denied, we conclude a mere recommendation is insufficient to meet the statutory requirement that the trial court "shall enter a written order granting or denying the relief sought in the application." *See* TEX. CODE CRIM. PROC. art. 11.072, § 6(a); *cf. Ex parte Sinclair*, 693 S.W.3d 346, 355 (Tex. Crim. App. 2024) (plurality op.) (stating that magistrate judge's recommendation within findings of fact and conclusions of law as to habeas relief "did not purport to actually grant [the appellant] relief"). We agree with relator that he is entitled to mandamus relief. *See Arias v. State*, No. 14-04-00972-CR, 2006 WL 2071846, at \*1 n.2 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op., not designated for publication) (recognizing that if "the trial court decline[s] to rule on a properly filed habeas application, as article 11.072 requires," applicant may file "a petition for a writ of mandamus . . . requesting that the trial judge be ordered to rule on his application").

## Conclusion

We conclude the trial court has violated its ministerial duty to rule on relator's habeas application in the manner required by statute, and relator is entitled to mandamus relief. Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to (1) enter a written order granting or denying the relief sought in the habeas application within seven days of the date of this opinion and accompanying order; and (2) file with the Clerk of the Court, within eight days of the date of this Court's opinion and order, a copy of the order evidencing such compliance. A writ will issue only if the trial court fails to comply.

241123f.p05

Carlyle, J., would deny relator's
petition as moot.

/Ken Molberg/
KEN MOLBERG
JUSTICE

–6–